**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERGEN COUNTY MEDICAL CENTER<br><br>Plaintiff,<br><br>v.<br><br>BERGEN COUNTY IMPROVEMENT AUTHORITY, et als.<br><br>Defendants. | Civil Action No.: 07-1294 (PGS)<br><br>MEMORANDUM AND ORDER |

**SHERIDAN, U.S.D.J.**

This matter is before the Court on a motion by defendant, Bergen County, to disqualify James C. Frizzera of Health Management Associates (HMA) from acting as an expert in this matter. It is Bergen County's position that Mr. Frizzera issued an expert report on behalf of plaintiff after he obtained confidential litigation strategy from defendant's lawyers. The facts are as follows.

On the morning of February 4, 2009, a telephone conference occurred with attorneys Sattely, Petruzzell and Selvers on behalf of Bergen County and Mr. Frizzera and his colleague, Marilynn Evert on behalf of HMA. The call lasted for approximately forty-five minutes. During the call, Ms.

Petruzzell explained the legal positions of Bergen County as asserted in this subject lawsuit. According to Ms. Petruzzell, she set forth the pros and cons of Bergen County's various positions and outlined how HMA could be helpful. Based on that discussion, Mr. Frizzera stated that he "should be able to assist Bergen County with an understanding of the ICT Program, and may also be able provided a limited opinion on the issue of liability" in the lawsuit. As a result, Ms. Petruzzell agreed to provide copies of relevant documents to Mr. Frizzera. Ms. Petruzell declared in her affidavit:

> The call lasted for approximately forty-five minutes. During the call, Mr. Frizzera and Ms. Evert shared information about their understanding of the IGT program in New Jersey and elsewhere, and I explained the legal positions asserted in the lawsuit by the respective parties. I also addressed certain facts in this matter in the context of the arguments being made by Plaintiff and explained how Bergen County intended to argue and support its position in light of Plaintiff's argument, and how we thought that HMA could be helpful to Bergen County. Based on that discussion, Mr. Frizzera stated that he could be able to assist Bergen County with an understanding of the IGT program, and may also be able to provide a limited opinion on the issue of liability in the lawsuit.

Mr. Frizzera in his deposition on July 30, 2010 related that he could not recall the substance of the conversation with Ms. Petruzell, and accordingly her allegations did not impact his decision making. Despite his conclusion, his testimony lacks any clear explanation of what happened during the telephone call.

Q. So going back to the conference call of February 4th, what were you told about the pending litigation in that call?

A. I do not recall.

\*\*\*

Q. Were you told that it involved the intergovernmental transfer program as adopted in New Jersey?

A. I do not recall that specific statement. (P. 36, L 2-5).

\*\*\*

Q. Were you told that one of the parties to the pending lawsuit was Bergen County?

A. I think so. (P 36, L 9-11).

Q. Were you told that one of the parties to the pending lawsuit was Bergen County Improvement Authority?

A. I do not recall. (P 36, L 12-15).

Q. Were you told that one of the parties to the pending lawsuit was Bergen County Regional Center?

A. I do not recall. (P 36, L 16-19).

Q. Okay. What do you recall about the call?

A. I recall that – I recall there were two participating from HMA, three participants with your group, and there was a lawsuit that you were interested in me providing some type of testimony related to intergovernmental transfers. (P. 36, L. 20-25)

Q. Do you recall any discussion about the pending lawsuit in the conversation?

A. No. (P. 37, L 4-6).

At the time of Frizzera's deposition, his memory was shoddy; but Frizzera worked on plaintiff's opinion in March, 2009, about a month after the call with defendants' attorney. His memory at that time could have been much stronger, and impacted his analysis.. Although "HMA adheres closely to a set of operating guidelines related to confidentiality and non-disclosure," a serious breach of confidentiality has occurred after the substantive conversation.

In balancing the interests, a governmental entity (Bergen County) should not be penalized by Frizzera's opinion where confidentiality is at stake.

IT IS on this 3rd day of December, 2010

ORDERED that Mr. Frizzera is disqualified from serving as an expert. Plaintiff has sixty (60) days to retain a new expert.

_____
PETER G. SHERIDAN, U.S.D.J.

December 3, 2010